**UNETIXS VASCULAR, INC., Plaintiff,**

v.

**CORVASCULAR DIAGNOSTICS, LLC, Defendant.**

**C.A. No. 16–cv–530–M–LDA**

United States District Court, D. Rhode Island.

Signed November 16, 2016

Nicholas L. Nybo, Stephen F. Del Sesto, William M. Dolan, III, Donoghue Barrett & Singal, PC, Providence, RI, for Plaintiff.

James R. Oswald, Brenna Anatone Force, Adler Pollock & Sheehan P.C., Providence, RI, for Defendant.

## ORDER

John J. McConnell, Jr., United States District Judge

Defendant CorVascular Diagnostics, LLC had an exclusive product distribution agreement with Viasonix Ltd., a medical device manufacturer. Viasonix terminated its contract with CorVascular and entered a similar agreement with Plaintiff Unetixs Vascular, Inc. CorVascular, however, rejected Viasonix's termination and has accused Viasonix of anticipatory breach and wrongful termination of the contract. Unetixs now sues CorVascular seeking: (1) a declaration that its contract with Viasonix is valid and that it is the exclusive distributor of Viasonix products in the United States, (2) damages for CorVascular's tortious interference with Unetixs' contract with Viasonix; and (3) damages stemming from CorVascular's intentional and negligent misrepresentations. Viasonix is a party to both contracts in question, but Unetixs did not make them a party to this lawsuit. Asserting that Viasonix is a necessary and indispensable party to this litigation, CorVascular moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(7) or, in the alternative, it asks this Court to join Viasonix as a party under Fed. R. Civ. P. 19.

After a review of the complaint and motion papers, and an analysis of the law, the Court concludes that Viasonix is a necessary party to this dispute.

## FACTS [1]

Viasonix, an Israeli manufacturer, makes a vascular diagnosis system, called the Falcon. It entered an exclusive distribution agreement for the United States

---

1. On a motion to dismiss, the Court accepts all well-pled facts alleged by Plaintiff as true. *See Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 35 (1st Cir. 2009). While the facts as alleged are intriguing, the Court will limit its recitation to include only the facts necessary to decide this motion.

with CorVascular in December 2013, shortly after CorVascular came into existence. At the beginning of 2016, there was an internal dispute in CorVascular's senior management, egged on by Viasonix, CorVascular alleges. Ultimately, the infighting led to a March 7, 2016 letter from Viasonix to CorVascular terminating the exclusive distribution contract. Viasonix then began negotiating an exclusive agreement to distribute Falcon products with Unetixs. On July 15, 2016, Viasonix and Unetixs executed an exclusive distribution agreement to distribute Falcon products. CorVascular, believing its exclusive distribution agreement was still valid, wrote a cease and desist letter to Viasonix.

Litigation concerning the relationship amongst these three business entities proliferates across the globe. CorVascular filed a lawsuit in Minnesota state court,[2] against its minority LLC members and sales representatives, and later added as defendants Viasonix and Unetixs asserting claims for intentional interference with contractual relations, among others. After being served with the Minnesota action, Unetixs filed an action in Rhode Island Superior Court, Washington County. CorVascular removed that case to this Court based on diversity jurisdiction. In the Rhode Island action, which is based on the same events and circumstances as the Minnesota action, Unetixs claims that it has the exclusive right to distribute Viasonix's Falcon products in the United States. Finally, to add international flavor to the litigation menu, Viasonix commenced litigation against CorVascular in the Tel Aviv–Jaffa Magistrate Court in Israel three weeks after the Minnesota state court filing, asserting that CorVascular breached the contract with Viasonix. ECF No. 7–1 at 3.

The determinative question in these actions is whether CorVascular or Unetixs has the exclusive right to distribute Viasonix's Falcon products in the United States. CorVascular asserts that it continues to maintain the exclusive distribution rights because Viasonix anticipatorily breached and wrongfully terminated CorVascular's exclusive distribution agreement with Viasonix.[3] Unetixs seeks a declaration that it has the exclusive right to distribute Falcon products in the United States to the exclusion of CorVascular, and that CorVascular's attempts to distribute Falcon products or represent that it has the authority to do so, are unlawful. Two "exclusive" distributors for the same product in the same territory cannot co-exist.

## ANALYSIS

■ Rule 19 of the Federal Rules of Civil Procedure drives the Court's analysis.

Rule 19 addresses situations where a lawsuit is proceeding without a party whose interests are central to the suit. The Rule provides for joinder of required parties when feasible, Fed. R.Civ.P. 19(a), and for dismissal of suits when joinder of a required party is not feasible and that party is indispensable, Fed.R.Civ.P. 19(b). The Rule calls for courts to make pragmatic, practical

---

2. *CorVascular Diagnostics, LLC v. Michael Talcott, et al.*, No. 27–CV–16–2380 in the State of Minnesota, Fourth Judicial District Court, County of Hennepin.

3. In early 2016, CorVascular sought confirmation from Viasonix that CorVascular remained the exclusive supplier of Falcon products in the United States. *See* ECF No. 1–2 at 41–47. CorVascular alleges that in breach of the agreement, Viasonix refused to confirm that CorVascular remained the exclusive supplier of Falcon products in the United States in 2016. *Id.*

judgments that are heavily influenced by the facts of each case.

*Bacardi Int'l Ltd. v. V. Suarez & Co., Inc.*, 719 F.3d 1, 9 (1st Cir. 2013) (citing *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 14–15 (1st Cir. 2008)). In light of this guidance, the pivotal question the Court needs to answer here is whether Viasonix is a party whose interest is central to this suit, making it a necessary party.[4]

Unetixs pleads four counts in its complaint. Count I seeks a declaration that Unetixs "has the exclusive right to distribute Viasonix Falcon Products within the United States." ECF No. 1–2 at 7. The Court cannot adjudicate this count without the presence of Viasonix. Unetixs would only possess the exclusive rights to distribute Viasonix products if it had a valid contract with Viasonix. The Court cannot adjudicate Viasonix's contractual rights without its presence in this lawsuit.[5] Because Unetixs' tort counts (Counts II and III) are intimately intertwined with the question of whether CorVascular has a continuing valid contract with Viasonix and whether Unetixs has a valid contract with Viasonix, it needs to be joined as a party. Complete relief as between Unetixs and CorVascular in this matter cannot be afforded either party without the presence of Viasonix. Whether Viasonix appropriately terminated its exclusive agreement with CorVascular in favor of the same with Unetixs is critical to a determination of liability on the tort claims in this case, i.e. whether CorVascular interfered with or made misrepresentations regarding its status as a distributor of Falcon products.

 In a situation like this, the "general, well-settled proposition" is that a "party to a contract which is the subject of the litigation is a necessary party." *Downing v. Globe Direct LLC.*, 806 F.Supp.2d 461, 466 (D. Mass. 2011) (citing *Blacksmith Invs., LLC v. Cives Steel Co., Inc.*, 228 F.R.D. 66, 74 (D. Mass. 2005)). Viasonix is a central party to the two relevant contracts that form the basis of the dispute in this case. Interpretation of those contracts, which will affect Viasonix, is necessary in order to provide the relief sought by Unetixs in this case. The fact that Unetixs has pled some counts as torts is not dispositive when the central determination the Court must make is focused on the validity of the two contracts, both to which Viasonix is a party. Therefore, the Court finds that Viasonix is a necessary party to this litigation.

## CONCLUSION

The Court GRANTS CorVascular's Motion to Dismiss (ECF No. 5) and stays execution of the dismissal for thirty days in order for Unetixs to join Viasonix as a party. Failure to do so within thirty days will result in the Court dismissing this matter without prejudice and without further notice.

IT IS SO ORDERED.

---

**4.** While Rule 19 speaks of "required" parties, the First Circuit, along with other circuits, have "[clung] to the term 'necessary' used in an older version of Rule 19." *Jimenez v. Rodriguez–Pagan*, 597 F.3d 18, 25 n.3 (1st Cir. 2010). The Court uses the two terms interchangeably for these purposes.

**5.** It would appear that this Court, as alleged in Unetixs' complaint, would have personal jurisdiction against Viasonix. *See* ECF No. 1–2 at ¶¶ 7–11, 16.